# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2393 | **DATE** | September 19, 2007 |
| **CASE TITLE** | Harper vs. Sheriff of Cook County, et al. | | |

## DOCKET ENTRY TEXT

Defendants' Motion to Dismiss is denied. [ H ]

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Robert Harper, filed a class action suit against Defendants, Sheriff of Cook County and Cook County, Illinois ("County Defendants"), alleging that the Sheriff violated his Fourth and Fourteenth Amendment rights by requiring him to participate in certain intake procedures at the Cook County Jail. Presently pending before this Court is the County Defendants' Motion to Dismiss Plaintiff's Complaint.

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties:

On or about September 30, 2005, following his arrest, Harper appeared in Central Bond Court by remote viewing. Bond was set by the presiding judge; and Harper was ordered to be held in the Sheriff's custody, pending the posting of bond. Members of Harper's family were present at the bond hearing and immediately sought to post cash bond while Harper underwent the intake procedures at the Cook County Jail. These procedures included Harper's placement in a cell, followed by a chest x-ray, the non-consensual insertion of a swab into the Plaintiff's penis, the non-consensual taking of blood, and a strip search conducted in a humiliating manner. It is the practice of the Sheriff to excuse from these procedures persons of wealth or with political influence who, after bond has been set, are ready, willing, and able to post cash bond. As a result of being subjected to the Sheriff's intake procedures, Harper, along with others in his putative class, are embarrassed, humiliated, and incurred pain and suffering.

County Defendants seek to dismiss Harper's Complaint, contending that Harper's claims are barred by *res judicata* and that Harper's Complaint fails to state a claim upon which relief may be granted.

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, ___ U.S.

**STATEMENT**

__, __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14." *E.E.O.C. v. Concentra Health Serv., Inc.*, __ F.3d __, __ (7th Cir. 2007) 2007 WL 2215764 (7th Cir. Aug. 3, 2007).

County Defendants' assertion of *res judicata* is based on the existence of two other cases currently pending in the Northern District of Illinois, *Jackson, et al. v. Sheriff of Cook County, et al.*, 06 C 493, and *Young, et al. v. County of Cook, et al.*, 06 CV 552. An essential element of *res judicata* is "a final judgment on the merits." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). No final judgment has been entered in either of the pending cases; therefore *res judicata* does not bar Harper's claims.

County Defendants also contend that Harper's Complaint fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). Harper's Complaint gives fair notice of his claim that County Defendants, acting under color of state law, violated his Fourth and Fourteenth Amendment rights. It also gives fair notice that his claim is based on his experience in undergoing County Defendants' jail intake procedures and County Defendants' policies and practices in this regard. Additionally, the allegations of Harper's Complaint do plausibly suggest a right to relief as required under *Bell Atlantic*. Therefore, Harper's Complaint complies with the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure.

For the foregoing reasons, Defendants' Motion to Dismiss is denied.