**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | No.   07 C 2393 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| SHERIFF OF COOK COUNTY, *et al.*, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS COOK COUNTY AND SHERIFF OF COOK COUNTY**

Defendants Sheriff of Cook County and the County of Cook, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, and his Assistants, LOUIS R. HEGEMAN, MAUREEN O. HANNON and JOHN P. HEIL JR., pursuant to Rule 8 of the Federal Rules of Civil Procedure, respectfully submit the following answer, affirmative defenses and jury demand to the Complaint of plaintiff Robert Harper ("plaintiff").

**1.   This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S. C. §1343.**

**ANSWER:** Defendants admit that plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983. Defendants deny that the allegations brought herein invest the Court with proper jurisdiction.

**2.   Plaintiffs [*sic*] Robert Harper is a resident of the Northern District of Illinois.**

**ANSWER:** Defendants are without direct knowledge or verifiable information sufficient to form a belief as to the truth of the allegation in Paragraph 2.

**3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only; the County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).**

**ANSWER:** Defendants admit plaintiff purports to bring this action against the Sheriff of Cook County and Cook County, Illinois. Defendants aver that the County can be an indemnitor under Carver but it cannot be a § 1983 tortfeasor and party in a suit based on operation of the jail. *Moy County of Cook, 244 Ill.App.3d 1034 (1st Dist. 1993)* and *Thompson v Duke, 882 F.2d 1180 (7th Cir. 1989).*

**4. On or about September 30, 2005, plaintiff Robert Harper was taken to the Criminal Courts Building at 2650 South California Avenue following his arrest without a warrant by a Chicago police officer.**

**ANSWER:** Defendants are without direct knowledge or verifiable information sufficient to form a belief as to the truth of all of the allegations in Paragraph 4 but admit that on September 30, 2005 a finding of probable cause for possession with intent was made by Judge Kevin Sheehan.

**5. At the criminal courts building, plaintiff appeared by remote viewing ("TV court"), beforce [*sic*.] a judge who set bond and ordered that plaintiff be held in the custody of defendant Sheriff pending the posting of bond.**

**ANSWER:** Defendants are without direct knowledge or verifiable information sufficient to form a belief as to the truth of as to the truth of all of the

allegations in Paragraph 4 but admit that on September 30, 2005 a finding of probable cause for possession with intent was made by Judge Kevin Sheehan.

**6. Members of the plaintiff's family attended the bond hearing and immediately sought to post cash bond to obtain plaintiff's enlargement from custody.**

**ANSWER:** Defendants are without direct knowledge or verifiable information sufficient to form a belief as to the truth of the allegation of whether members of the plaintiff's family attended the bond hearing or whether and when the family members sought to post cash bond as alleged in Paragraph 6.

**7. In accordance with a policy and/or practice of defendant Sheriff that is so permanent and well-settled that it constitutes a custom or usage with the force of law, plaintiff was required to submit to the processing required by the Sheriff's policies of a person being admitted to the Cook County Jail while plaintiff's family members posted cash bond. This processing began with placement into an overcrowded and unsanitary animal cage, and included a chest x-ray, the non-consensual insertion of a swab into plaintiff's penis, the non-consensual taking of blood, and a strip search which was conducted in a manner calculated to embarrass and humiliate.**

**ANSWER:** Defendants deny the allegations contained in Paragraph 7.

**8. It has at all times relevant been the practice of the Sheriff of Cook County to excuse from this processing persons of wealth, clout, or political influence who, after bond has been set at "TV court," are ready, willing, and able to post cash bond.**

**ANSWER:** Defendants deny the allegations contained in Paragraph 8.

**9. As the direct and proximate result of the above referred policy, plaintiff, and all others [*sic.*] persons subjected to the above referred policy, was embarrassed, humiliated, unreasonably deprived of his liberty, incurred [*sic.*] pain and suffering, and was deprived of rights secured by the Fourth and Fourteenth Amendments.**

**ANSWER:** Defendants deny the allegations contained in Paragraph 9.

**10.** **Plaintiffs bring this action for a class of all persons who, following his or her arrest without a warrant, appeared on or after May 1, 2005 before a judge at "TV court" and, while persons acting on behalf of the arrestee sought to post cash bond, was required to submit to the processing required by the Sheriff's policies of a person being admitted to the Cook County Jail. The proposed class satisfies each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. The relief sought is appropriate damages for each person subjected to the policy and class certification is appropriate under Rules 23(b)(3).**

**ANSWER:** The Defendant Sheriff denies the allegations contained in Paragraph 10 in their entirety, and affirmatively state that plaintiff cannot be a class representative s a matter of law because he is already a member of two classes certified by the District Court for the Northern District of Illinois in *Jackson, et al. v. Sheriff of Cook County, et al.*, 06 C 493 and *Young, et al. v. County of Cook, et al.*, 06 C 552, which already address plaintiff's claims. The Defendant County denies the allegations in Paragraph 10 and states as a matter of law that Cook County cannot be directly made liable for a §1983 action as a joint tortfeasor or party defendant in an action based on the operation of the jail.

**11.** **Plaintiff hereby demands trial by jury.**

**ANSWER:** Defendants admit plaintiff has filed a jury demand but aver that there is no basis for a trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Eleventh Amendment Immunity

Plaintiff brings this suit against the Sheriff of Cook County in his official capacity. The Sheriff is a county official normally not afforded the immunity guaranteed state officials sued for damages in their official capacities by the Eleventh Amendment. In the present matter, however, the Sheriff at all times acted pursuant to a valid court order. When a county sheriff acts as an arm of the judicial system, he and his deputies are considered state officials for purposes of Eleventh Amendment immunity. *Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992). Since the Sheriff was obligated to take Plaintiff into custody upon the court's order setting bond – and the Sheriff possessed no discretion to do otherwise – the Sheriff's actions in initiating jail intake procedures were performed as a state actor engaged in a court ordered quasi judicial action.

### SECOND AFFIRMATIVE DEFENSE
### Statute of Limitations

The applicable statute of limitations for § 1983 claims in Illinois is two years, a period which begins to run when an individual becomes detained pursuant to legal process. *Wallace v. Kato*, 127 S. Ct. 1091, 2007 U.S. LEXIS 2650, *23 (2007); *see also Foryoh v. Hannah-Porter*¸ 428 F. Supp. 2d 816, 819 (N.D. Ill. 2006) (Filip, J.). Plaintiff states in his complaint that he is seeking class certification for "all persons who, following his or her arrest without a warrant, appeared on or after May 1, 2005 before a judge at 'TV court' . . ." (Complaint, ¶ 10). Plaintiff filed his

complaint on June 22, 2007. Consequently, the statute of limitations would bar any putative class member who appeared in bond court between May 1, 2005 and June 22, 2005.

### THIRD AFFIRMATIVE DEFENSE
### Failure to State a Cause of Action Under Monell

Governmental employees cannot be held liable in their official capacities in a ' 1983 action unless the plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official policy, custom or practice. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 (1977). A single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom or practice. *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). Boilerplate allegations of a municipal policy or custom, without any factual allegations to support the general allegations, are insufficient to state a § 1983 claim. *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986). Plaintiff cannot meet the establish that there was (1) an express policy that, when enforced, causes a constitutional deprivation, or (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 735 (7th Cir. 1994).

### FOURTH AFFIRMATIVE DEFENSE
### The County is not a Joint Tortfeasor but only an Indemnitor

The County cannot be a § 1983 tortfeasor and party in a suit based on operation of the jail or its practices, policies, or actions. *Moy v. County of Cook, 244 Ill.App.3d 1034 (1st Dist. 1993)* and *Thompson v Duke, 882 F.2d 1180 (7th Cir. 1989).*

### FIFTH AFFIRMATIVE DEFENSE
### Issue Preclusion and Res Judicata

To the extent that any issue in the complaint has been raised and adjudicated in an earlier proceeding, then re-litigation by this plaintiff should be precluded.

### SIXTH AFFIRMATIVE DEFENSE
### The Sheriff is required to perform the Strip Search

The Illinois Administrative Code, 20 Ill.Adm Code 701.40 directs the strip search as part of admission to the jail.

### SEVENTH AFFIRMATIVE DEFENSE
### Consent

To the extent Plaintiff is claiming that he that he was injured in any way by the intake procedure, he consented to the procedures and therefore cannot state a cause of action for a constitutional tort.

### EIGTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

Defendants submit that Plaintiff cannot establish any cognizable injury or damages. In addition, Plaintiff failed to mitigate the damages he claims to have sustained.

### JURY DEMAND

The Sheriff of Cook County and the County of Cook demand a trial by jury.

                                                Respectfully submitted,
                                                RICHARD A. DEVINE
                                                State's Attorney of Cook County

                              By:    /s/ Maureen O. Hannon
                                        One of his Assistants

Patrick T. Driscoll, Jr.
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects & Assignments

Maureen O. Hannon
John P. Heil Jr.
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4370