UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HARPER, ) | |
| ) | |
| Plaintiff, ) | No. 07 CV 2393 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| SHERIFF OF COOK COUNTY ) | |
| and COOK COUNTY, ILLINOIS ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Harper, filed a class-action suit against Defendants, Sheriff of Cook County and Cook County, Illinois ("County Defendants"), alleging that the Defendant Sheriff violated his Fourth and Fourteenth Amendment rights by requiring him to participate in certain intake procedures at the Cook County Jail. Presently pending before the Court is Plaintiff's Motion to Certify the Case as a Class Action.

### BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

On or about September 30, 2005, following his arrest, Harper appeared in Central Bond Court. Bond was set by the presiding judge; and Harper was ordered to be held in the Sheriff's custody, pending the posting of bond. Members of Harper's family were present at the bond hearing and immediately sought to post cash bond while Harper underwent the intake procedures at Cook County Jail. These procedures included Harper's placement in a cell, followed by a chest x-ray, the non-consensual insertion of a swab into the plaintiff's penis, the non-consensual

taking of blood, and a strip search conducted in a humiliating manner. It is the practice of the Defendant Sheriff to excuse from these procedures persons of wealth, clout, or political influence who, after bond has been set, are ready, willing, and able to post cash bond. As a result of being subjected to the Defendant Sheriff's intake procedures, Harper, along with others in his putative class, are embarrassed and humiliated and incurred pain and suffering.

## ANALYSIS

Allegations made in support of class certification are considered true. *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993). As a general matter, the court does not examine the merits of the case. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (*Retired Police*). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill 1998) (citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996)). The party seeking certification bears the burden of establishing that class certification is proper. *See Trull v. Plaza Assoc.*, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998).

To receive class certification, a party must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). The party must also satisfy at least one of the three provisions under Rule 23(b).

Plaintiff seeks to certify the following class:

> All persons processed into the Cook County Jail on and after May 2, 2005, while that person, or someone acting on his (or her) behalf, sought to post cash bond.

*Numerosity*

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good-faith estimates (*Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)); and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

Plaintiff projects the number of potential class members to be over 5,700 persons, based on an average of five persons' being released on bail the same day that they were processed into the jail as calculated by 3,558 males' being released on bail the same day that they were processed into the jail for the time period of May 2, 2005 through January 25, 2007.

Defendants argue that Plaintiff's potential class is merely speculative because some individuals may have been released for other reasons, and some of the individuals may be members of two other class actions brought against the same Defendants.[1] In response, Plaintiff has provided the sworn declarations of fifteen persons who would be included in the proposed class. Plaintiff has sufficiently demonstrated that the number of plaintiffs would be so numerous that joinder of all the members is impracticable.

---

[1] *Jackson v. Sheriff of Cook County*, 06 C 493, class of "All male prisoners at the Cook County Jail who, on or after January 27, 2004, were subjected to the non-consensual insertion of a swab into his penis as part of his admission to the jail." *Young v. County of Cook*, 06 C 552, two classes defined as: "(1) all males who were subjected to a strip search and/or a visual body cavity search as new detainees at the Cook County Jail on or after January 30, 2004; and (2) all persons charged only with misdemeanor or lesser offenses not involving drugs or weapons who were subjected to a strip search and/or a body cavity search as new detainees at the Cook County Jail on or after January 30, 2004."

*Commonality and Typicality*

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (*Rosario*). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Plaintiff argues that the class claims share common questions of fact and law:
(1) whether there is any legitimate need to assign a jail identification number to any arrestee who is ready, willing, and able (either individually or through a friend or family) to post bond;
(2) whether Defendants refuse to accept cash bond until late in the afternoon, resulting in several hours of detention for an arrestee that is ready, willing, and able to post cash bond;
(3) whether persons with wealth, clout, or political influence are allowed to immediately post bond with the assignment of a jail identification number and without being processed into the jail; (4) whether there is a lawful justification for the lengthy continued detention after bond has been posted; (5) whether the Defendants apply or enforce the policy alleged in the Complaint and does that policy result in a deprivation of rights secured by the Fourth Amendment; and

4

(6) whether the Defendants apply a different policy to persons of wealth, clout, or political influence and does that disparate treatment amount to the denial of equal protection under the law.

Defendants' arguments present questions of fact and law that go to the merits regarding the elements of commonality and typicality. A court does not examine the merits of a claim when determining if certification is proper. *See Retired Police*, 7 F.3d at 598.

Defendants also argue that typicality does not exist because of particular facts as to each detainee – for example, the type of bond that was set, the differences in the intake process for female detainees, and possible defenses as to each member's claim. Defendants' argument is not permissive because the proposed class includes only those individuals subject to the claimed offensive procedures while remaining in custody although able to post a cash bond. Accordingly, Plaintiff has satisfied both the commonality and typicality requirements. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class. . . .").

*Adequacy of Representation*

The class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996).

Defendants argue that Harper is not an adequate representative party because he cannot state an actionable claim. The Court has previously held that Plaintiff sufficiently pled a cause of action, and the Court will not address the merits of Plaintiff's specific claim at this time. Defendants do not challenge the adequacy of class counsel, and class counsel has extensive experience litigating class actions.

*Rule 23(b)(1)(3)*

Plaintiff seeks class certification under Rule 23(b)(1)(3). Certification under Rule 23(b)(1)(3) is appropriate if "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(1)(3).

As discussed above, Plaintiff has established common questions of law and fact as to the class. Defendants again argue that individual issues predominate over any common questions of law or fact – for example, the detainee's history, the amount of bond, and whether the individual proceeded through receiving procedures. Defendants have not demonstrated that these issues are material to defeat the certification of the proposed class. The individual issues that Defendants argue are predominant are not material as to the common questions of whether there is any legitimate need to assign a jail identification to any arresstee who is ready, willing and able to post cash bond or whether Defendants permit persons of wealth, clout or political influence to post bond without being assigned a jail identification number and without being processed into the jail.

Defendants also argue that certifying a class action in the instant case is not a superior method of adjudication because the instant class would conflict with and overlap with other class actions. However, *Jackson*, 06 C 493, which was recently settled, involved sexual-transmitted disease testing of males processed into the jail; and *Young*, 06 C 552, which is presently awaiting trial, challenged various aspects of the jail's strip search policies and do not resolve the claims asserted here.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Certify Case as a Class Action is granted. However, Plaintiff's proposed class definition is too broad, appearing to include individuals that do not fall within the claims set forth in Plaintiff's Complaint – persons who where subject to, and required to submit to, the intake procedures of Cook County Jail on or after May 2, 2005, while that person, or someone acting on his or her behalf, was willing and able to post cash bond. Accordingly, Plaintiff is to file an amended class definition within fourteen days of this order. A status hearing is scheduled for June 18, 2008, at 9:00 a.m.

Dated: 5-29-08

JOHN W. DARRAH
United States District Court Judge